PER CURIAM.
11Writ granted. The appellate court’s order granting respondent’s writ and remanding the case to the district court is vacated and the district court ruling dismissing the application is reinstated. In State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172, this Court construed the provisions of La.C.Cr.P. art. 930.3 and determined that they “provide[ ] no basis for review of claims of excessiveness or other sentencing error post-conviction.” (Emphasis added). Although respondent argues that an unreasonable delay in instituting the habitual offender proceedings provides him with a claim for post-conviction relief under La.C.Cr.P. art. 930.3(4)(“The limitations on the institution of prosecution had expired.”), an habitual offender adjudication does not pronounce a separate conviction or institute a separate criminal proceeding, but instead “only addresses itself to the sentencing powers of the trial judge after conviction and has no functional relationship to ... innocence or guilt....” State v. Walker, 416 So.2d 534, 536 (La.1982); see also State v. Dorthey, 623 So.2d 1276, 1278 (La.1993) |2(habitual offender bill of information “does not charge a new crime but merely advises the trial court of circumstances .... ”). An habitual offender adjudication thus constitutes sentencing for purposes of Melinie and La.C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence. La.C.Cr.P. art. *1031 912(C)(l)(defendant may appeal from a judgment “which imposes sentence”). A fortiori, respondent’s claim that he received ineffective assistance of counsel at his habitual offender adjudication is not cognizable on collateral review so long as the sentence imposed by the court falls
within the range of the sentencing statutes. Cfi La.C.Cr.P. art. 882.
JOHNSON, J., would deny the writ.