PER CURIAM.
h Denied. Relator fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, relator’s sentencing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030. Finally, relator fails to show that he pled guilty involuntarily and/or is entitled to an out-of-time appeal under State v. Counterman, 475 So.2d 336 (La.1985). La.C.Cr.P. art. 930.2. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against |2successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
Jl
ATTACHMENT
STATE OF LOUISIANA VS. KEMOND PIERRE
CRIMINAL DISTRICT COURT
PARISH OF ORLEANS
CASE NO. 516-574 “L”

RULING

■ Defendant has filed pro se a Post Conviction Relief Application alleging three claims. Defendant first claims to have been denied effective assistance of counsel due to counsel’s failure to act with reasonable diligence and promptness in representing and communicating promptly in preparation of a trial defense.
Ineffective assistance of counsel claims are analyzed under the two prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2062, 80 L.Ed.2d 674 (1984). The Defendant must first demonstrate that his counsel’s performance was deficient and then that the deficient performance prejudiced the defense. When a Defendant has pled guilty, in order to prove the prejudice necessary under Strickland ⅛ second prong, Defendant must show that there is a reasonable probability that but for counsel’s errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).
In support of Defendant’s claim, he provides three dates on which Defendant was *1293 present in Court without counsel or Counsel was present without Defendant. However, these three dates occurred prior to the Motion to Suppress and Probable Cause hearings. Following the hearings and rulings on September 9, 2013, the Defendant and Counsel appeared in Court together on five different occasions for pre-trial conferences prior to the trial date. Additionally, three months passed between the hearing date and ultimate plea date of December 9, 2013. Therefore, this Court does not find any evidence that the Defendant was rushed or did not communicate with his Counsel reasonably or promptly. Moreover, the ultimate guilty plea was a negotiated plea between Defendant and the District Attorney wherein the State agreed that they would not multiple bill the Defendant on the attempted murder provided there was a 20 year sentence. Without the plea agreement the Defendant was facing up to 100 years as a multiple offender on the attempted murder.
Defendant further alleges that his counsel’s performance was deficient because he did not seek supervisory review following the pre-trial hearings. No evidence has been submitted that this Court’s ruling was not founded and should have been reviewed. Therefore, this Court cannot entertain speculation regarding what the counsel should have done, what the Fourth Circuit Court of Appeal would have done, and then that the Defendant would have not pled guilty and insisted on going to trial but for the above unknown outcomes. When considering the above information in conjunction with the time between the hearing and trial date as well as the number of times that the Defendant and Counsel had the opportunity to communicate, this Court does not find any evidence to support Defendant’s ineffective assistance claim.
Defendant’s third claim states that the State failed to disclose discoverable information. Defendant however provides no support for this claim. Not one item is listed as a discoverable item that was requested and not provided. However, in an abundance of caution, this Court reviewed the record regarding discovery. The minute entry of 8/02/2013 provides that discovery was tendered to the defense excluding certain items. The following minute entry dated 08/19/2013, provides that the State provided to the defense.additional discovery items such as jail tapes and photos. A Motion to Suppress and Probable Cause hearing followed. Therefore, Defendant’s claim that the State failed to disclose any discoverable information is unfounded.
Based on the upon findings, the Defendant’s Post Conviction Relief Application is DENIED.
Signed in New Orleans, LA this 5th day of February, 2015
/s/ Franz Zibilich
JUDGE FRANZ ZIBILICH, SECTION “L”