PER CURIAM.*
| denied. That relator names his filing an application for a writ of habeas corpus does not save him from the time limitations period for applications for post-conviction relief set out in La.C.Cr.P. art. 930.8. See State ex rel. Glover v. State, 93-2330, pp. 9-11 (La.9/5/95), 660 So.2d 1189, 1195-96 (distinguishing habeas corpus from post-conviction relief and endorsing La.C.Cr.P. art. 351 and its cmt. (c), which state that “habeas corpus is not the proper procedural device for petitioners who may file applications for post conviction relief;” rather, it “deals with pre-con-viction -complaints concerning custody”). The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. In addition, relator’s sentencing ciaim is not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030. Finally, the application is repetitive. La.C.Cr.P. art. 930.4.
Relator-has now fully litigated several applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive 12application. only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
*1272 WEIMER, J., recused,
HUGHES, J., would grant the writ.

Weirmer, J., recused.