PER CURIAM:
h Denied. The application was not timely filed in the district court and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. Moreover, relator’s sentencing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030. We attach hereto and make a part hereof the District- Court’s written reasons denying relator’s application.
Relator-has now fully litigated three applications for post-conviction relief in state court. Similar to-federal habeas relief, see 28 U.S;C.' § 2244, Louisiana post-conviction procedure envisions .the filing of a successive application only under the narrow circumstances' provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La, Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that |2one of the narrow exceptions authorizing the filing, of a successive application' applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
STATE OF LOUISIANA
v.
DAVEDE DAVILLIER.
NO. 431203 “B”.
22nd JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA

1st

DEPUTY CLERK
July 13, 2015.

JUDGMENT ON POST-CONVICTION WITH INCORPORATED REASONS

On June 15, 2015, petitioner Davede. Da-villier filed an application for Post-Convic *1153 tion Relief. After considering the application and the applicable law, the Court finds the application may be dismissed upon the pleadings pursuant to La.C.Cr.P. art. 928.
In this criminal matter, the petitioner was charged by bill of information dated June 18, 2007 with possession of cocaine, a violation of La. R.S. 40:967(C). After trial by jury, the petitioner was found guilty as charged on October 17, 2007. On November 16, 2007, Davillier was sentenced to 5 years imprisonment at hard labor. On October 22, 2007, the state filed a habitual offender bill of information, asserting Da-villier had been previously convicted of six felonies and seeking enhancement of his sentence on the instant conviction. After a hearing held on February 14, 2008, the court found Davillier to be a fourth felony offender, vacated his original sentence and imposed an enhanced sentence of 20 years imprisonment without probation or suspension, to be served consecutively to any other sentence Davillier was serving. The court of appeal affirmed Davillier’s conviction, habitual offender adjudication and sentence in an opinion not designated for publication, and the Louisiana Supreme Court denied a writ of review. State v. Davillier, 2008-0846 (La.App. 1 Cir. 2/18/09); 5 So.3d 316 (Table); writ denied, 2009-0579 (La.11/20/09); 25 So.3d 787 (Mem).
On November 18, 2010, Davillier filed a Motion to Correct Unconstitutional Illegal Sentence which raised an issue of ineffective assistance of counsel and challenged as unconstitutionally obtained the predicate offenses in the habitual offender bill of information. This court considered the petitioner’s filing as an application for post-conviction relief and denied on February 4, 2011, after consideration of the merits of his claims. The court of appeal 4/27/12); 86 So.3d 614 (Mem).
Davillier’s current post-conviction application is entitled a Motion to Present Pros-ecutorial Misconduct Amounting to Unconstitutional Conviction(s)/Sentence(s). He again challenges the predicate offenses used to enhance his sentence in this criminal matter in the habitual offender bill of information. The petitioner’s claims are time-barred.
Pursuant to La.C.Cr.P. art. 930.8(A), no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence become final under the provisions of La.C.Cr.P. arts.' 914 or 922. Art. 914 provides the method and time for taking an appeal. Art. 922(B) provides that a judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefore has been made. Davillier’s conviction and sentence in this criminal matter became final on December 4, 2009, after expiration of the 14 day delay period for seeking rehearing from the November 20, 2009 ruling of the Louisiana Supreme Court when it denied a writ of review from the direct appeal of this matter. Davillier does not assert and the record does not show any of the exceptions to the time bar found in La.C.Cr.P. art. 930.8(A)(l-4) are present in this matter. This court will not address Davillier’s time-barred claim.
Accordingly, the Court denies and dismisses petitioner Davede Davillier’s application for post-conviction relief in its entirety.
Covington, Louisiana, this 13™ day of July, 2015.
/s/ August J. Hand
Hon. August J. Hand, Judge 22nd Judicial District Court, Division B