PER CURIAM.
hDenied. Relator’s sentencing claim is not cognizable on collateral review. La. C.Cr.P.-art. 930.3; State ex rel Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s motion to correct illegal sentence.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only un *95 der the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C,Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
STATE OF LOUISIANA v.
MATTHEW STEPHENS
NUMBER 267565-SECTION 5
FIRST JUDICIAL DISTRICT COURT
CADDO PARISH, LOUISIANA
July 8, 2015.

RULING

PER CURIAM.
Currently before the Court is a “Motion to Correct Illegal Sentence” (“Motion”) and a “Memorandum of Authorities and Point in Support of Motion to Correct Illegal Sentence” (“Memo”) filed on June 9, 2015 by Matthew Stephens (“Petitioner”). For the reasons that follow, Petitioner’s Motion is DENIED.
On January 19, 2012, Petitioner pled guilty to being a fifth felony habitual offender. On March 5, 2012, Petitioner was sentenced to 50 years at hard labor. The Second Circuit Court of Appeal upheld the Petitioner’s sentence after considering that Stephens’ .criminal history included multiple drug and weapon charges as well as parole revocations which spanned a period of more than 15 years. See State v. Stephens, 47,978 (La,App. 2 Cir. 5/29/13), 114 So.3d 1265, 1273-74, writ denied, 2013-1551 (La.1/17/14), 130 So.3d 342. The Second Circuit also recognized that Petitioner’s guilty .plea to the habitual offender proceeding substantially benefited the Petitioner. Id.
Petitioner now asserts that his sentence is “illegal in that the movant was not charges or convicted in count three which named only Jade Cofer, exclusively” [sic ]. Motion p. 2. In support of his Motion, Petitioner points out that the Court of Appeal for the Second Circuit “vacated the sentence as illegal.” Id.
However, Petitioner is only partially correct. The Second Circuit only vacated the sentence for the crime of possession of a Schedule IV CDS. Stephens’ convictions and sentences for possession with intent to distribute Schedule II CDS and possession of a Schedule III CDS were affirmed. Stephens, 114 So.3d at 1274. Petitioner was sentenced on each count to concurrent sentences of 50 years. Even though one of Petitioner’s sentences was vacated, .Petitioner is still sentenced to 50 years on each of the other charges to run concurrently. Id. at 1266.
Signed this 8 day of July, 2015, in Shreveport, Caddo Parish, Louisiana.
/s/ Charles G. Tutt
CHARLES G. TUTT DISTRICT JUDGE