PER CURIAM.'
| denied. Relator’s sentencing claims are not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030; State v. Thomas, 08-2912 (La.10/16/09), 19 So.3d 466. We attach hereto and make a part hereof the Court of Appeal’s written reasons denying writs.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only un *147 der the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
I «ATTACHMENT
*148 STATE OF LOUISIANA COURT OF APPEAL, FIRST CIRCUIT
[[Image here]]
BEFORE: MCDONALD, CRAIN AND BOLDRIDGE, JJ.
WRIT DENIED. In the district court's written reasons for judgment, dated August’ 12, 2014, it appears that the court mistakenly referred to the prior felony conviction from the state of Florida as "Distribution of Marijuana." The attached criminal court minutes and the Florida case file for docket number 07-CF-015820 clearly reflect that reiser entered a plea of jaolo contendere and was adjudicated guilty of possession of a controlled substance (a third degree felony) in January 2010 in the 20th Judicial Circuit in Lee county Florida, Accordingly, relator's contention that the habitual offender adjudication and sentence are illegal is without merit. Furthermore, relator's sentence was the result of a negotiated plea. A defendant cannot seek review of a sentence imposed ih conformity with a plea agreement which was set forth in the record at the time of the plea, See La, Code Crim. P, art. 881.2(A)(2). The proper manner to attack the allegations of a habitual offender bill and claim that a conviction alleged in the petition is invalid is in a written response filed after the filing of the habitual offender;petition. Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence. See La. R.’s. 15:529.1 (D) (1) (b). Moreover, relator's claim of ineffective assistance of counsel at the guilty plea and habitual offender proceedings is in the nature of a claim for poatconviction relief,' which may not be raised in a motion to correct an illegal sentence or in an application fpr poatconviction relief. See La. code Crim. P. art. 930,3, State v. Cotton, 2009-2397 (La. 10/15/10), 45 So.3d 1030 (per curiam).
[[Image here]]