**STATE ex rel. Gregory J. REAUX**

v.

**STATE of Louisiana.**

**No. 2015–KH–1292.**

Supreme Court of Louisiana.

Sept. 6, 2016.

In re Gregory J. Reaux;—Plaintiff; Applying for Supervisory and/or Remedial Writs, Parish of St. Tammany, 22nd Judicial District Court Div. B, No. 471010; to the Court of Appeal, First Circuit, No. 2015 KW 0424.

PER CURIAM.

Denied. Relator fails to show he received ineffective assistance of counsel under the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive fil-

ings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.