2016-1766 (La. 1/13/17)

**STATE EX REL. Jeremy BROOKS**

v.

**STATE of Louisiana**

**No. 2016–KH–1766**

Supreme Court of Louisiana.

01/13/2017

PER CURIAM:

Reconsideration granted; writ denied. Relator does not identify an illegal term in

his sentence, and therefore, his filing is properly construed as an application for post-conviction relief. *See State v. Parker*, 98–0256 (La. 5/8/98), 711 So.2d 694. As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator's application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La. C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93–2330 (La. 9/5/95), 660 So.2d 1189. Relator's sentencing claim is further not cognizable on collateral review. La.C.Cr.P. art. 930.3; *State ex rel. Melinie v. State*, 93–1380 (La. 1/12/96), 665 So.2d 1172; *see also State v. Cotton*, 09–2397 (La. 10/15/10), 45 So.3d 1030.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.