PER CURIAM:
11 Denied. Relator fails to satisfy her post-conviction burden of proof on her claim challenging her guilty plea. La. C.Cr.P. art. 930.2. Her remaining claims are not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La. 10/15/10), 45 So.3d 1030; State v. Thomas, 08-2912 (La. 10/16/09), 19 So.3d 466.
Relator has now fully litigated an application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless she can show that one of the narrow exceptions authorizing the filing of a successive ^application applies, relator has exhausted her right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.