*1145 ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS
PER CURIAM:
| iDenied. Relator does not identify an illegal, term in his sentence, and therefore, his filing is properly construed as an application for post-conviction relief. See State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694. As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator’s application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. In addition, relator’s sentencing claim is not cognizable on collateral review. See La.C.Cr.P, art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La. 10/15/10), 45 So.3d 1030. Finally, the application is also repetitive. La. C.Cr.P. art. 930.4. We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated at least two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P, art. 930.4 Land within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that-article to make the procedural-bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute, entry consistent with this per curiam.
Attachment
I «STATE OF LOUISIANA
VERSUS
EUGENE JARROW
CRIMINAL DISTRICT COURT
PARISH OF ORLEANS
*1146 CASE NO. 269-092
SECTION ‘E’
JUDGMENT
The defendant, Eugene Jarrow, hereinafter referred to as Petitioner, has filed with this Court a Motion to Vacate an Illegal Sentence and to Seb-Aside an Illegal Guilty Plea.
In 1979, Petitioner was charged with one count of Armed Robbery in violation of La.R.S. 14:64. On April 30,1979, Petitioner plead guilty as charged. On August 22, 1979, Petitioner was sentenced to ten (10) years at hard labor in the Department of Corrections without the benefit of probation, parole or suspension of sentence.
In Petitioner s motion, he contends that his sentence was illegal. Specifically, Petitioner contends that his guilty plea was not voluntarily entered. The Court has considered and reviewed Petitioner’s motion and finds it to be repetitive. Petitioner’s claim has been previously addressed by the Louisiana Supreme Court. State v. Jarrow, 2004-0483 (La. 9/24/04), 882 So.2d 1160. Furthermore, Petitioner’s motion is untimely. Petitioner’s motion, although styled a “motion to vacate an illegal sentence and to set-aside an illegal guilty plea”, is in fact an application for post-conviction relief. La.C.Cr.P. art. 930.8 provides that an application for post-conviction relief should not be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La.C.Cr.P. art. 914 or 922, unless it falls within certain exceptions to the time limitation for filing. Petitioner has not asserted any claims that would fall under the exceptions to the time limitation; thus, under La.C.Cr.P. art. 930.8, Petitioner’s motion is time-barred.
For the forgoing reasons, Petitioner’s Motion to Vacate an Illegal Sentence and to Set-Aside an Illegal Guilty Plea is hereby DENIED.
New Orleans, Louisiana, this 20th day of August, 2015.
M Keva M. Landrum-Johnson District Court Judge Section E