STATE OF LOUISIANA

VERSUS

COREY WOODS

NO. 20-KA-73

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-1037, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

September 09, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

**SENTENCES AFFIRMED AS AMENDED; REMANDED**
    **JJM**
    **MEJ**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Andrea F. Long
     Thomas J. Butler
     Douglas W. Freese
     Joshua K. Vanderhooft

COUNSEL FOR DEFENDANT/APPELLANT,
COREY WOODS
     Gwendolyn K. Brown

**MOLAISON, J.**

Defendant, Corey Woods, appeals his two sentences imposed after the original sentences were vacated and the matter remanded following his first appeal. For the reasons that follow, we affirm defendant's sentences as amended and remand for corrections of the Uniform Commitment Order ("UCO").

## PROCEDURAL HISTORY

This case comes before us for the second time on appeal.

On December 5, 2017, defendant was found guilty by a jury of three counts of distribution of heroin in violation of La. R.S. 40:966(A) (counts one through three). On February 2, 2018, defendant was sentenced to imprisonment at hard labor for 50 years each on counts one, two, and three, with all sentences to run consecutively. On March 1, 2018, defendant stipulated to being a second-felony offender, after which the trial judge vacated the original sentence on count one and resentenced defendant under the multiple offender statute to imprisonment at hard labor for 50 years without benefit of probation or suspension of sentence to run consecutively to the sentences on counts two and three.

In *State v. Woods*, 18-413 (La. App. 5 Cir. 12/19/18), 262 So.3d 455, we affirmed all of defendant's convictions and his multiple offender adjudication, as well as his enhanced sentence. We further vacated the underlying sentences on counts two and three and remanded the matter to the trial court for resentencing on those counts.[1]

On remand, the trial court resentenced defendant to imprisonment at hard labor for 40 years on counts two and three to run concurrently with the 50 year enhanced sentence on count one. The trial court also ordered the first ten years of defendant's newly imposed sentences to be served without benefit of parole,

---

[1] This Court suggested to the trial court that a sentence of 20 to 40 years for the convictions of distribution of heroin, to run concurrently with each other, would be "reasonable sentences." *Woods*, 262 So.3d at 462.

20-KA-73                                     1

probation, or suspension of sentence. Defendant sought, and was ultimately

granted, the instant out-of-time appeal.

## ASSIGNMENT OF ERROR NUMBER ONE

The trial court erred by imposing excessive sentences.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant-appellant was denied the effective assistance of counsel as a result of his counsel's failure to file a motion to reconsider sentence to preserve for appellant review his right to object, on specific grounds, to the excessiveness of his sentence.

## LAW AND ANALYSIS

Because defendant's assignments of error are related, we will address both

in a single analysis.

As correctly indicated by defendant in his second assignment of error, trial

counsel did not file a motion to reconsider sentence following resentencing.

Pursuant to La C.Cr.P. art. 881.1(E):

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

The failure to file a written motion to reconsider sentence, or to state specific

grounds upon which the motion is based, limits a defendant to a bare review of the

sentence for constitutional excessiveness. *State v. Christoff*, 00-1823 (La. App. 5

Cir. 5/30/01), 788 So.2d 660, 666.

The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the

Louisiana Constitution prohibit the imposition of excessive punishment. *State v.*

*Nguyen*, 06-969 (La. App. 5 Cir. 4/24/07), 958 So.2d 61, 64, *writ denied*, 07-1161

(La. 12/7/07), 969 So.2d 628. A sentence is considered excessive, even if it is

within the statutory limits, if it is grossly disproportionate to the severity of the

offense or imposes needless and purposeless pain and suffering. *Nguyen*, 958 So.2d at 64.

According to La. C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. *Nguyen*, 958 So.2d at 64; *State v. Taylor*, 06-839 (La. App. 5 Cir. 3/13/07), 956 So.2d 25, 27, *writ denied*, 06-859 (La. 6/15/07), 958 So.2d 1179 (citing *State v. Lobato*, 603 So.2d 739, 751 (La. 1992); *State v. Pearson*, 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 655-56).

In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. *State v. Allen*, 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 880. However, there is no requirement that specific matters be given any particular weight at sentencing. *State v. Tracy*, 02-227 (La. App. 5 Cir. 10/29/02), 831 So.2d 503, 516, *writ denied*, 02-2900 (La. 4/4/03), 840 So.2d 1213. Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. *State v. Badeaux*, 01-406 (La. App. 5 Cir. 9/25/01), 798 So.2d 234, 239, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414.

At the time of the offenses in counts two and three in the instant case, La. R.S. 40:966(B)(4)(a) provided for a term of imprisonment at hard labor for not less than ten nor more than 50 years, at least ten years of which shall be served without benefit of probation or suspension of sentence and a possible fine of not more than

fifty thousand dollars. *See* La. R.S. 40:966(B)(4)(a). In *Woods*, 262 So.3d 455, defendant argued that his three maximum 50 year consecutive sentences were constitutionally excessive. This Court found that defendant was precluded from raising an excessive sentence claim on appeal regarding his enhanced sentence and the consecutive nature of it because he agreed to the enhanced sentence. However, this Court found that defendant did not enter into a plea agreement regarding his original sentences on counts two and three, and therefore, he was entitled to raise excessive sentence claims on those two counts. *Woods*, 262 So.3d at 459-60. This Court stated that, according to the evidence presented at trial, defendant's convictions arose from a common scheme that occurred over the course of three days; thus, there was a presumption in favor of concurrent sentences. However, we noted that at the sentencing hearing, the trial judge did not articulate any particular reasons or identify any specific facts particular to defendant for requiring that his sentences be served consecutively. We also opined that, considering sentences imposed for similar crimes in this and other courts, the jurisprudence indicated that the consecutive nature of the sentences imposed upon defendant was constitutionally excessive and shocked its sense of justice. See *Woods*, 262 So.3d at 461-62 (*citing State v. St. Amant*, 14-607 (La. App. 5 Cir. 3/11/15), 169 So.3d 535.)

We further stated in our prior opinion:

While the trial court may certainly consider the full context of the current charges, as well as many other factors in sentencing a defendant, it nevertheless is important to focus upon the facts of that particular record in first rendering the sentence and then upon review for constitutional excessiveness. In light of the record before us and the jurisprudence outlined above, we find the consecutive nature of Defendant's sentence, essentially exposing him to a total of 150 years of incarceration, shocks our sense of justice and is grossly disproportionate to the severity of the crime. Moreover, it imposes an undue burden on the taxpayers of the state, who must feed, house, and clothe Defendant for potentially the rest of his natural life. The crimes with which Defendant was charged carry mandatory minimum sentences, indicating that the Legislature is deeply concerned with the distribution of heroin. A lengthy period of incarceration is allowed by the

> sentencing provision and is well-within the trial court's broad sentencing discretion. Separation of Defendant from society for a significant period of time assures the community of safety from his trafficking of a deadly drug.

*Woods*, 262 So.3d at 462.

This Court found that with these factors in mind, while sentencing defendant to the maximum term for each of the counts did not constitute cruel and unusual punishment, ordering that the sentences be served consecutively for a full 150-year sentence did. We also held that the record contained scant evidence to support a finding that this case involved the most serious violation of the offense and the worst type of offender. Therefore, we vacated the sentences for the underlying convictions on counts two and three and remanded the matter for resentencing on those counts. This Court asserted that pursuant to La. C.Cr.P. art. 881.4(A), we were authorized to provide direction regarding a constitutionally reasonable sentence in a given case. Accordingly, we suggested a sentence of 20 to 40 years for the convictions of distribution of heroin to run concurrently with each other, as those would be reasonable sentences. Woods, 262 So.3d at 462.

On January 7, 2019, on remand, there was a sentencing hearing held in the instant case, as well as in another unrelated case, wherein defendant was convicted of three counts of second degree murder and one count of being a convicted felon in possession of a firearm. The trial judge stated that with respect to counts two and three in the instant case, he was going to "follow the instructions of the Fifth Circuit" and sentence defendant to 40 years at hard labor with the first ten years to be served without benefit of parole, probation, or suspension of sentence to run concurrently to the 50 year sentence in count one.

In our prior opinion, we suggested a sentencing range of 20 to 40 years on each count to run concurrently. The trial court in the instant case resentenced defendant to 40 years on counts two and three to run concurrently with the 50 year enhanced sentence on count one. The 40 year concurrent sentences are within the

sentencing ranges set forth by this Court as being "reasonable."[2] Accordingly, we do not find that 40 year concurrent sentences on counts two and three to be constitutionally excessive.

In his second assignment of error, defendant asserts that his trial counsel was ineffective for failing to file a motion for reconsideration of his sentences. The record reflects that defense counsel did not orally object to the sentences after resentencing nor did he file a motion to reconsider sentences pursuant to La. C.Cr.P. art. 881.1.

Under the Sixth Amendment to the United States Constitution and Article I, §13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient; that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *State v. Dabney*, 05-53 (La. App. 5 Cir. 6/28/05), 908 So.2d 60, 63. An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *State v. Serio*, 94-131 (La. App. 5 Cir. 6/30/94), 641 So.2d 604, 607, *writ denied*, 94-2025 (La. 12/16/94), 648 So.2d 388. To prove prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

---

[2] *See*, for example, *State v. Dee*, 09-712 (La. App. 5 Cir. 2/23/10), 34 So.3d 892, *writ denied*, 10-705 (La. 10/29/10), 48 So.3d 1097; *State v. St. Amant, supra,* and *State v. Collins*, 09-283 (La. App. 5 Cir. 12/8/09), 30 So.3d 72, *writ denied*, 10-34 (La. 9/3/10), 44 So.3d 696.

Generally, a claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, rather than on direct appeal, so as to afford the parties an adequate record for review. *State v. Robertson*, 08-297 (La. App. 5 Cir. 10/28/08), 995 So.2d 650, 659, *writ denied*, 08-2962 (La. 10/9/09), 18 So.3d 1279. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of judicial economy. *State v. Grimes*, 09-2 (La. App. 5 Cir. 5/26/09), 16 So.3d 418, 426, *writ denied*, 09-1517 (La. 3/12/10), 28 So.3d 1023.

Further, the Louisiana Supreme Court has held that La. C.Cr.P. art. 930.3, which sets forth the grounds upon which post-conviction relief may be granted, "provides no basis for review of claims of excessiveness or other sentencing error post-conviction." *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172 (per curiam). An ineffective assistance of counsel at sentencing claim is not cognizable in post-conviction proceedings when the sentence imposed by the trial judge is within the authorized range of the sentencing statutes. *See State v. Cotton*, 09-2397 (La. 10/15/10), 45 So.3d 1030, 1031 (per curiam). Accordingly, we will address this assignment of error. See *State v. Taylor*, 18-126 (La. App. 5 Cir. 10/17/18), 258 So.3d 217, 227-29, *writ denied*, 18-1914 (La. 5/20/19), 271 So.3d 200.

Generally, the defendant's failure to make a specific objection at the time of sentencing or to file a written motion to reconsider sentence precludes review of a sentence on appeal. *State v. Fisher*, 03-326 (La. App. 5 Cir. 7/29/03), 852 So.2d 1075, 1084, *writ denied*, 03-2545 (La. 5/14/04), 872 So.2d 510. However, this Court routinely reviews sentences for constitutional excessiveness even in the absence of the defendant's timely objection or the filing of a motion to reconsider sentence. *Id.*

The mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. *State v. Fairley*, 02-168 (La. App. 5 Cir. 6/26/02), 822 So.2d 812, 816, *writs denied*, 03-1427 (La. 4/23/04), 870 So.2d 290 and 08-2581 (La. 1/30/99), 999 So.2d 755. A defendant must also "show a reasonable probability that, but for counsel's error, his sentence would have been different." *Id.*

Defendant argues that trial counsel failed to preserve for review certain errors by the trial court regarding his newly imposed sentences: that the trial court erred in not conducting a pre-sentence investigation ("PSI"), and in not considering the circumstances of defendant's arrest on the underlying charges for counts two and three.

The record before us indicates that at defendant's original sentencing hearing on February 2, 2018, the trial judge said that he had considered all of the evidence and took into account the sentencing guidelines and based his sentences, in part, on defendant's prior history of drug offenses. The court further asserted that any lesser sentence for these counts would deprecate the seriousness of defendant's crimes. After the original sentences were imposed on that date, trial counsel verbally objected to the sentences. On February 27, 2018, defendant filed a written motion to reconsider sentence arguing that his sentences were imposed without consideration of mitigating factors which would have been more fully revealed had a PSI been ordered, especially in light of defendant being given the maximum sentence per count.

A review of the entire record supports the finding that at both the original sentencing and resentencing on counts two and three, the trial court considered the nature of the crimes that defendant had committed as well as his prior criminal history. The trial court was also aware of the sentencing range for the offenses, as well as this court's recommendation for resentencing.

With respect to defendant's argument that the trial court erred in not ordering a PSI, we first note that La. C.Cr.P. art. 875(A)(1) provides, in relevant part, that "[i]f a defendant is convicted of a felony offense ... the court may order the Department of Public Safety and Corrections, division of probation and parole, to make a presentence investigation." The use of the word "may" in this article reflects that ordering a presentence investigation is discretionary with the trial court. *State v. Jones*, 11-87 (La. App. 5 Cir. 12/13/11), 81 So.3d 835, 840. As noted by the Louisiana Supreme Court, the presentence investigation report (or "PSI") is an aid to the court, not a right of the defendant, and the court is not required to order that the report be prepared. *Jones*, 81 So.3d at 840 (*citing State v. Bell*, 377 So.2d 275 (La. 1979)). Furthermore, in the instant case, no objection to the lack of a PSI was made at the sentencing hearing. Accordingly, we find no abuse of discretion on the part of the trial court in not ordering a presentence investigation.

Defendant has failed to demonstrate a reasonable probability that his sentence would have been different had trial counsel filed a second motion to reconsider sentence. Accordingly, this assignment is without merit.

In light of the foregoing, we find that the sentences were not constitutionally excessive and that defendant did not receive ineffective assistance of counsel.

**ERROR PATENT**

As this is defendant's second appeal, he is not entitled to a full error patent review. *See State v. Taylor*, 01-452 (La. App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, *writ denied*, 01-3326 (La. 1/10/03), 834 So.2d 426. As a result, this error patent review is limited to defendant's resentencing. *See State v. Beason*, 17-254 (La. App. 5 Cir. 11/15/17), 232 So.3d 1255, 1260, *writ denied*, 17-2170 (La. 11/20/18), 256 So.3d 998.

*UCO Error*

First, the UCO shows one entry indicating that defendant was convicted of two counts of distribution of heroin and that he was sentenced to 40 years with the first ten years to be served "without benefit." The UCO is not clear that there are two separate sentences. Accordingly, we order the trial court to amend the UCO to reflect that there are two separate concurrent 40-year sentences with the first ten years of each sentence to be served without benefit of probation or suspension of sentence.

*Statutory Restrictions*

Next, the transcript reflects that the trial court ordered the first ten years of defendant's sentences to be served without benefit of parole, probation, or suspension of sentence; however, La. R.S. 40:966(B)(4)(a) does not restrict parole. In cases in which a sentencing error by the trial court does not involve the omission of a restrictive term specified by the legislature as part of the sentence, but the imposition of limits beyond what the legislature has authorized in the sentencing statute, this Court will correct the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence "at any time." *State v. Gayden*, 14-813 (La. App. 5 Cir. 2/11/15), 168 So.3d 766, 768. Accordingly, we amend defendant's sentences to delete the prohibition of parole eligibility and remand the matter for the trial court to correct the UCO to reflect that defendant's sentences have no restriction on the benefit of parole. Further, we direct the Clerk of Court for the 24th Judicial District Court to transmit the corrected UCO to the appropriate authorities and the Department of Corrections' legal department. *See, State v. Long*, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La. C.Cr.P. art. 892(B)(2)).

**DECREE**

For the foregoing reasons, we affirm defendant's sentences as amended and remand for corrections of the Uniform Commitment Order ("UCO").

**SENTENCES AFFIRMED AS AMENDED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



## FIFTH CIRCUIT
### 101 DERBIGNY STREET (70053)
### POST OFFICE BOX 489
### GRETNA, LOUISIANA 70054
#### www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 9, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-73

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          GWENDOLYN K. BROWN (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
DOUGLAS W. FREESE (APPELLEE)
JOSHUA K. VANDERHOOFT (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053