LAURA EUGENE                               NO. 21-KH-414

VERSUS                                     FIFTH CIRCUIT

FREDERICK M. BOUTTE, WARDEN                COURT OF APPEAL

                                           STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Nancy F. Vega_
Nancy F. Vega
Chief Deputy, Clerk of Court

_____August 12, 2021_____

Nancy F. Vega
Chief Deputy Clerk

**IN RE** LAURA EUGENE

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE J. STERLING SNOWDY, DIVISION "C", NUMBER 00,430

---

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.

### WRIT GRANTED FOR LIMITED PURPOSE

Relator, Laura Eugene, seeks review of the trial court's April 30, 2021 judgment denying her third application for post-conviction relief ("APCR"). In light of the following, we grant this writ for the limited purpose of ordering the trial court to rule on the merits of relator's argument of ineffective assistance of trial counsel during the sentencing proceedings in light of State v. Harris, 18-1012 (La. 7/9/20), 2020 WL 3867207 and conduct an evidentiary hearing if necessary. We deny this writ in part relative to the relator's reliance on Ramos v. Louisiana, 590 U.S. —, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

On January 16, 2003, a jury found relator guilty of second degree murder. This Court affirmed relator's conviction and sentence, and the Louisiana Supreme Court denied relator's writ application. State v. Eugene, 03-1128 (La. App. 5 Cir. 1/27/04), 866 So.2d 985, writ denied, 04-515 (La. 1/14/05), 889 So.2d 263.

On April 15, 2021, relator, through counsel, filed an APCR, arguing Ramos should be applied retroactively to her case. In addition relator, relying on, State v. Harris, 18-1012 (La. 7/9/20), 2020 WL 3867207, claimed that counsel rendered ineffective assistance at her sentencing hearing by failing to move for a downward departure from the statutory life sentence mandated by La. R.S. 14:30.1, in light of relator's intellectual disabilities and her status as a domestic violence victim.

On April 30, 2021, the trial court denied relief, finding that Ramos applied to cases not yet final, and relator's conviction and sentence became final sixteen years ago. With respect to relator's ineffective counsel claim at sentencing, the trial court rejected relator's claim that the holding in Harris, *supra*, established an unknown interpretation of constitutional law that applied retroactively to her case. See La. C.Cr.P. art. 930.8 A(2).

**The Ramos Issue**

The Ramos opinion indicates that it applies only to cases pending on direct appeal and to future cases. 140 S.Ct. at 1407. Recently, in Edwards v. Vannoy, 593 U.S.—, 141 S.Ct. 1547, 209 L.Ed.2d 651 (2021), the United States Supreme Court held that the jury-unanimity rule in Ramos does not apply retroactively on federal collateral review. The Edwards court noted that states remain free to retroactively apply the jury-unanimity rule as a matter of state law in state post-conviction proceedings if they choose to do so. Id. at 1559. The Louisiana Supreme Court has not rendered such a ruling.

At the time of relator's conviction, a non-unanimous jury verdict was constitutional under Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). Relator's conviction became final long before the Ramos decision, and under Edwards, Ramos does not apply retroactively. Further, our state laws do not currently provide that the requirement of a unanimous jury applies to cases on state collateral review for offenses occurring before January 1, 2019. See La. Const. Art. I, Sec. 17; La. C.Cr.P. art. 782. Thus, we find no error in the trial court's conclusion that Ramos does not apply to relator's case.

**The Harris Issue**

Relator contends that the trial court erred in finding the Harris holding, permitting an ineffective assistance of counsel at sentencing claim on collateral review, was inapplicable to her case.

In Harris, *supra*, the Louisiana Supreme Court recognized that if they did not make an exception to the holding in State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172 and State v. Cotton, 09-2397 (La. 10/15/10), 45 So.3d 1030, which barred the defendant from raising a claim of ineffective assistance of counsel on collateral review, defendant would be left with no remedy for a possible constitutional violation depriving him of due process of law." Harris, at *10. Thus, it concluded that the defendant's ineffective assistance of counsel at sentencing claim was cognizable on collateral review and remanded the matter to the trial court for an evidentiary hearing to consider this claim. Id. The court did not state whether this holding would apply retroactively.

Subsequently, in State v. Cardell Demond Robinson, 19-1330 (La. 11/24/20), 304 So.3d 846 (*per curiam*), defendant was convicted of possession with intent to distribute marijuana, adjudicated a fourth-felony habitual offender, and sentenced to life imprisonment. Counsel filed a motion to reconsider the sentence but did not ask the trial court to declare the sentence excessive, unaware that State v. Dorthey, 623 So.2d 1276 (La. 1993), would allow the trial court to consider whether a downward departure from the mandatory life sentence was warranted. Robinson, *supra*. Because these proceedings occurred before its decision in Harris, *supra*, a court had never reviewed defendant's case in light of its holding in that case, and defendant had presented a prima facie claim of ineffective assistance of counsel at sentencing meriting an evidentiary hearing, the Louisiana Supreme Court remanded defendant's case to the trial court to conduct an evidentiary hearing on the claim of ineffective assistance of counsel at sentencing.

Most recently, in State v. Robinson, 20-427 (La. App. 5 Cir. 3/8/21), 2021 WL 863395, writ denied, 21-485 (La. 5/25/21), 316 So.3d 443, the defendant was convicted of simple burglary, adjudicated a third-felony habitual offender, and sentenced to life imprisonment. In 2020, the defendant in Robinson, 20-427, 2021 WL 863395, sought review of the denial of his Motion to Correct an Illegal Sentence and Hold a Dorthey Hearing. This Court granted the writ application in part, finding that the defendant had presented a prima facie claim of ineffective assistance of trial and appellate counsel, similar to the defendant in Harris and remanded the matter to the trial court to allow leave of court to either amend his motion to correct illegal sentence or file an APCR and hold an evidentiary hearing on the defendant's claims of ineffective assistance of counsel.

Thus, while the Harris decision did not make a statement as to the retroactivity of its holding nor have the few subsequent cases relying on Harris specifically addressed this issue, as discussed above, both the supreme court and this Court have permitted Harris-based claims to move forward in cases where La. C.Cr.P. art. 930.8's prescriptive period for filing an APCR has expired, and the defendant has presented a prima facie claim of ineffective assistance of counsel. Considering the foregoing, we find the trial court erred in finding that Harris only applied to cases in which the trial court had discretion in the sentencing range.[1] Consequently, we find that relator is entitled to the benefit of the Harris holding if she presented a prima facie claim of ineffective assistance of counsel.

Upon review, we conclude that relator's case does present a prima facie showing of ineffective assistance of counsel under Harris. Relator was convicted of second degree murder which carries a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. *See* La. R.S. 14:30.1 B. In addition, similar to Harris, relator received a life sentence that was statutorily mandated, the trial judge believed that he had no discretion in the imposition of the sentence, and relator's counsel did nothing to correct the trial judge's mistaken belief that there was no possibility of a downward departure from the life sentence required by law. The sentencing transcript shows that the trial judge stated, "In this matter, because of the very language of 30.1, the Court is endued with no discretion at all." Following sentencing, relator did not object to the sentence and further failed to file a motion to reconsider sentence.

In light of the foregoing, and that this issue has been raised within one year of the Harris decision, relator meets the exception for the delay in filing under La. C.Cr.P. art. 930.8 A(2). We therefore grant this writ for the limited purpose of remanding this matter to the trial court to rule on the merits of relator's argument of ineffective assistance of trial counsel during the sentencing proceedings in light of Harris and Robinson and conduct an evidentiary hearing if necessary.

Gretna, Louisiana, this 12th day of August, 2021.

**SJW**
**HJL**
**JJM**

---

[1] The Louisiana Supreme Court has held that sentencing review for downward departures applies to all sentencing laws and is not limited to mandatory sentences under the Habitual Offender Laws. See State v. Fobbs, 99-1024 (La. 9/24/99), 744 So.2d 1274, 1275 (per curiam); State v. Temple, 01-655 (La. App. 5 Cir. 12/12/01), 806 So.2d 697, 707 n.3, writ denied, 02-234 (La. 4/3/98), 836 So.2d 58.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/12/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-KH-414**

### E-NOTIFIED

40th District Court (Clerk)
Honorable J. Sterling Snowdy (DISTRICT JUDGE)
Honorable Bridget A. Dinvaut (Respondent)      Stanislav L. Moroz (Relator)
                                               Grant L. Willis (Respondent)
                                               Justin B. LaCour (Respondent)

### MAILED

Honorable Jeffrey M. Landry (Respondent)
Attorney General
Louisiana Department of Justice
1885 North 3rd Street
6th Floor, Livingston Building
Baton Rouge, LA 70802