MARION F. EDWARDS, Chief Judge.
 

 I ¡>This is defendant/appellant Terrence Jones’ (“Jones”) second appeal. In 1997, Jones was originally charged with one court of first degree murder, a violation of La. R.S. 14:30, and he pled not guilty. On February 3, 1998, Jones was arraigned a second time, and again he pled not guilty. Following numerous pre-trial motions, the State amended the bill of indictment on July 17, 2000, reducing the charge to second-degree murder under La. R.S. 14:30.1. The procedural history prior to his second trial is recounted in his first appeal.
 
 [1]
 
 At that trial, Jones was found guilty as charged and that verdict was affirmed by this Court.
 
 [2]
 

 Thereafter, Jones was granted federal habeas relief, and the case was remanded for a new trial.
 
 [3]
 

 |sOn remand, on August 6, 2010, the indictment was again amended to one count of manslaughter, a violation of La. R.S. 14:31. On that same date, Jones pled guilty as charged to the amended bill of information. Pursuant to a plea agreement, he was sentenced to thirty-five years at hard labor, without benefits, and with credit for time served. After his motion to reconsider sentence was denied, this appeal was granted.
 

 Because the conviction was obtained by a guilty plea, the details of the facts surrounding the arrest and charges are not contained in the record on appeal. At the
 
 *838
 
 time of the plea, the State provided the following statement: “DISTRICT ATTORNEY: If this matter had gone to trial the State would have proven beyond a reasonable doubt that on July 28, 1997 the defendant violated Louisiana Revised Statute, Title 14:31 in that he did commit manslaughter in the killing of Marty Martin (assumed spelling) in Jefferson Parish.”
 

 Under the procedure set forth in
 
 State v. Benjamin
 

 [4]
 

 and adopted by this Court in
 
 State v.
 
 Bradford,
 
 [5]
 
 appointed appellate counsel has filed an Anders
 
 [6]
 
 brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support Rtheir clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 [7]
 

 In
 
 Jyles,
 
 the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 [8]
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 [9]
 
 If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.
 
 [10]
 

 In the present matter, Jones’ appellate counsel asserts that, after a detailed review of the record, he could find no non-frivolous issues to raise on appeal.
 

 ^Counsel notes that Jones filed a Motion to Reconsider Sentence, but he received
 
 *839
 
 the exact sentence that he had bargained for in exchange for his guilty plea. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
 
 [11]
 

 Appellate counsel has filed a motion to withdraw as attorney of record, which states he has mailed Jones a copy of his brief. Additionally, this Court sent Jones a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until March 25, 2011 to file a
 
 pro se
 
 supplemental brief. Jones has filed a supplemental memorandum.
 

 The State filed a response to appellate counsel’s brief, noting that the brief shows a complete and thorough recitation of the procedural history of the case. The State contends that counsel has “cast an advocate’s eye” over the record and found no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm Jones’ conviction and sentence.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When an
 
 Anders
 
 brief is filed, the appellate court reviews: 1) the bill of information/indictment to insure the defendant was properly charged, 2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal, 3) all pleadings in the record, and 4) all transcripts to determine if any ruling provides an arguable basis for appeal.
 
 [12]
 

 Here, the amended bill of information properly charged Jones. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged, and it cites the statute violated. It also sufficiently identifies both Jones as | fiwell as the crime charged. As reflected by the minute entries and commitment, Jones appeared at his guilty plea and sentencing. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 [13]
 
 A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin
 
 [14]
 
 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.
 
 [15]
 

 If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 [16]
 
 A defendant may be allowed appellate review if at the time of his guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case.
 
 [17]
 
 Here, Jones entered an uneondi-
 
 *840
 
 tional plea such that all non-jurisdictional defects were waived.
 

 The record shows that Jones was aware he was pleading guilty to one count of manslaughter. On the waiver of rights form and during the colloquy with the trial court, he was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, Jones initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. During the colloquy with the trial court, Jones indicated that he understood that he was waiving these rights. He further indicated that he had not been forced, coerced, or |7threatened to enter his guilty plea. Jones was also informed that his convictions could be used to enhance a penalty for any future conviction.
 

 Jones was advised that he faced a maximum possible sentence of forty years at hard labor. During the colloquy, he was told that he would be sentenced to thirty-five years at hard labor, without benefits and with credit for time served. He was also advised that the State would not file a multiple offender bill of information. By signing the waiver of rights form, Jones also indicated that he understood the sentence he would receive for his plea of guilty to manslaughter.
 

 Finally, we note that the sentence imposed falls within the sentencing range set forth in the respective statute and does not present any non-frivolous issues for appeal. Therefore, there are no non-frivolous issues that should have been raised on appeal relating to the guilty plea proceedings and the sentencing on the underlying conviction in this case.
 

 In his first pro
 
 se
 
 assignment of error, Jones argues that the trial court erred in not ordering a pre-sentence investigation. La.C.Cr.P. art. 875(A)(1) provides, in relevant part, that “[i]f a defendant is convicted of a felony offense ... the court
 
 may
 
 order the Department of Public Safety and Corrections, division of probation and parole, to make a presen-tence investigation.” (Emphasis added). The use of the word “may” in this article reflects that ordering a presentence investigation is discretionary with the trial court.
 
 [18]
 
 As noted by the Louisiana Supreme Court, the presentence investigation report (or “PSI”) is an aid to the court, not a right of the defendant, and the court is not required to order that the report be prepared.
 
 [19]
 
 Furthermore, in the present case, no presentence investigation was requested and no objection to this was made at the sentencing hearing, prior to the time that Jones Rpled guilty and received his bargained-for sentence. Accordingly, we find no abuse of discretion on the part of the district court in not ordering a presentence investigation.
 

 Encompassed within the above assignment of error is Jones’ argument that the sentence imposed was excessive. As provided by La.C.Cr.P. art. 881.2(A)(2), “[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has consistently recognized that a defendant is precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement.
 
 [20]
 
 This assignment of error has no merit.
 

 
 *841
 
 In his second
 
 pro se
 
 assignment of error, Jones contends that his sentence for manslaughter is excessive. This claim is also procedurally barred by La.C.Cr.P. art. 881.2 because the sentence was imposed pursuant to a plea agreement and Jones knew in advance what his sentence would be if he elected to plead guilty. Further, Jones’ sentence falls within the sentencing range proscribed by La. R.S. 14:31(B). This assignment of error is without merit.
 

 We have reviewed the record for errors patent, and we find none that require correction. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm Jones’ conviction and sentence and grant appellate counsel’s motion to withdraw as attorney of record.
 

 CONVICTION AFFIRMED; MOTION TO WITHDRAW GRANTED
 

 [1]
 

 .
 
 State v. Jones,
 
 02-908 (La.App. 5 Cir. 2/25/03), 841 So.2d 965,
 
 writ denied,
 
 03-0895 (La.9/26/03), 854 So.2d 345.
 

 [2]
 

 .
 
 Id.
 

 [3]
 

 .
 
 Jones v. Cain,
 
 601 F.Supp.2d 769, 808-09 (E.D.La.2009),
 
 aff'd,
 
 600 F.3d 527, 542 (5th Cir.2010).
 

 [4]
 

 . 573 So.2d 528, 530 (La.App. 4 Cir.1990).
 

 [5]
 

 . 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.
 

 [6]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct, 1396, 18 L.Ed.2d 493 (1967) and see
 
 State v. Jyles,
 
 96-2669, p. 3 (La. 12/12/97), 704 So.2d 241, 242 (per curiam).
 

 [7]
 

 .
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 [8]
 

 .
 
 State v. Jyles, supra.
 

 [9]
 

 .
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.
 

 [10]
 

 .
 
 Id.
 

 [11]
 

 .
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171.
 

 [12]
 

 .
 
 State v. Bradford, supra.
 

 [13]
 

 .
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120.
 

 [14]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [15]
 

 .
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La. 1984).
 

 [16]
 

 .
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662.
 

 [17]
 

 .
 
 State v. Reed,
 
 10-527 (La.App. 5 Cir. 2/15/11), 61 So.3d 74,
 
 writ denied,
 
 11-0509 (La.9/30/11), 71 So.3d 280.
 

 [18]
 

 .
 
 State v. Allen,
 
 03-2156 (La.App. 4 Cir. 5/19/04), 876 So.2d 122,
 
 writ denied,
 
 04-1704 (La. 11/19/04), 888 So.2d 194.
 

 [19]
 

 .
 
 State v. Bell,
 
 377 So.2d 275 (La. 1979).
 

 [20]
 

 . State v. Jones,
 
 05-840, p. 14 (La.App. 5 Cir. 3/28/06), 927 So.2d 514;
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916
 
 *841
 
 So.2d 1171;
 
 State v. Guerra,
 
 03-1071, p. 5 (La.App. 5 Cir. 12/30/03), 865 So.2d 154.