# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-413

**STATE OF LOUISIANA**

**VERSUS**

**GREGORY HARVILLE, JR.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 355,692
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Candyce G. Perret, and Ledricka J. Thierry, Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**G. Paul Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, LA 70598**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Gregory Harville, Jr.**

**J. Phillip Terrell, Jr.**
**District Attorney**
**Kenneth A. Doggett, Jr.**
**Assistant District Attorney**
**Ninth Judicial District Court**
**Parish of Rapides, State of Louisiana**
**P.O. Box 7358**
**Alexandria, La 71306-7358**
**(318) 473-6650**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**SAVOIE, Judge.**

On June 8, 2022, the State filed a bill of information charging Defendant, Gregory Harville, Jr., with one count of illegal carrying of weapons during possession of a controlled dangerous substance (cocaine), a violation of La.R.S. 14:95(E), and one count of possession with the intent to distribute fentanyl, a violation of La.R.S. 40:967(A)(1). Defendant initially pled not guilty to the offenses; however, on March 13, 2023, he withdrew his plea of not guilty and entered a plea of guilty on both counts.

On April 10, 2023, the trial court sentenced Defendant to ten years with the Department of Corrections without the benefit of probation, parole, or suspension of sentence and fined Defendant $5,000 for illegal carrying of weapons with drugs. The trial court also sentenced Defendant to thirty-five years with the Department of Corrections and fined Defendant $5,000 for possession with the intent to distribute a Schedule II controlled dangerous substance. The trial court ordered the sentences to run concurrently.

Defendant now appeals his sentence for possession with intent to distribute fentanyl, arguing it is unconstitutionally excessive. For the reasons stated below, Defendant's sentence is affirmed.

## FACTS

The trial court articulated the following facts at the sentencing hearing:

> On March 24th, 2022, the defendant was arrested for three counts of possession with intent to distribute three different controlled dangerous substances: Cocaine, Methamphetamines and Fentanyl, along with the charges of illegal carrying of weapons with drugs, illegal possession of a stolen firearm[,] and a contempt of court.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find an error patent involving the sentence imposed for possession with the intent to distribute fentanyl, and also an error in the minutes of sentencing.

First, the sentence imposed for possession with the intent to distribute fentanyl is illegally lenient because the trial court failed to impose any portion of the sentence without benefit of parole as required by La.R.S. 40:967(B)(4)(a). However, this issue was not raised as an error on appeal, and, therefore, we conclude that no action should be taken. *See State v. Brown,* 19-771, (La. 10/14/20), 302 So.3d 1109.

Second, the minutes of sentencing require correction. Although the transcript of sentencing indicates the trial court imposed a $5,000 fine on both counts, the minutes indicate a $5,000 fine was imposed for illegal carrying of a weapon but not for possession with the intent to distribute fentanyl. In the event of a conflict, the sentencing transcript prevails. *State v. Williams*, 15-498 (La.App. 3 Cir. 12/9/15), 181 So.3d 857, *writ denied*, 16-26 (La. 1/13/17), 215 So.3d 242. Therefore, the trial court is instructed to amend the sentencing minutes to accurately reflect the sentence imposed by the trial court.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant contends the trial court erred in imposing an excessive sentence without a presentence investigation and based on hypothetical harms for a drug dealer who took responsibility for his offenses. In addition, Defendant argues the trial court held him liable for a raid in May, after he had been in jail for weeks.

Defendant argues in his appellant brief that the trial court imposed a harsh sentence upon him based on a "guilt by association" theory. Defendant further argues that the trial court failed to properly apply the mitigating and aggravating factors to his case by adding "potential victims" as part of the grounds for sentencing. Lastly, Defendant asserts that the trial court imposed a near maximum sentence due to fentanyl abuse. Defendant is only contesting the sentence for possession with intent to distribute fentanyl.

In opposition, the State asserts that Defendant's arguments lack merit and should be denied. It argues that Defendant considered himself a drug dealer and had prior convictions for drug related offenses. Additionally, the State asserts that Defendant never requested a presentence investigation prior to sentencing, nor did he object to the lack thereof at the sentencing hearing.

In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 2019-01845 (La. 6/3/20), 296 So. 3d 1071. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Kelly*, supra. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Thompson*, 50,392 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1139, *writ denied*, 2016-0535 (La. 3/31/17), 217 So. 3d 358. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Thompson*, *supra*.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Kelly, supra*. A

3

sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Kelly, supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Kelly, supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 2015-0608 (La. 1/25/16), 184 So. 3d 1289. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Kelly, supra*.

*State v. Bell*, 53,712, pp. 5-7 (La.App. 2 Cir. 1/13/21), 310 So.3d 307, 311-12.

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770,13-771, p. 5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261. "Generally, maximum sentences are reserved for the most serious violation of the offense and the worst

type of offender." *State v. Herbert*, 12-228, p. 5 (La.App. 3 Cir. 6/13/12), 94 So.3d 916, 920, *writ denied*, 12-1641 (La. 2/8/13), 108 So.3d 78.

At the sentencing hearing, neither the State, nor the defense, called any witnesses to testify or otherwise presented arguments to the trial court. Prior to imposing Defendant's thirty-five-year sentence, the trial court stated the following:

> All sentences must be individualized to be compatible with the offender, as well as the offense. The Court should review the defendant's personal history that being age, family ties, health, along with any criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services. In fashioning a sentence, the Court has considered three factors: 1) the nature of the crime; 2) the nature of the background of the offender; and 3) the sentence imposed for similar crimes by the same Court and other courts. In gathering the necessary information in order to fashion a sentence to this particular case, the Court has reviewed the entire record, the evidence adduced at the trial of the co-defendant, Terri Latrelle Williams, and the sentencing memos of the State and the defense.

> Also, in any sentencing, the Court has to balance the goals of sentencing, rehabilitation, the protection of public and society, the victim, and any punishment deterrence. The first consideration is rehabilitation. Can this defendant be rehabilitated? Does he have sufficient education, training and life experience to rehabilitate himself? By law, the maximum sentence is forty years, so he will not spend the rest of his life in jail. Which sentence provides for the best chance of success upon release?

> The second consideration is society. What sentence today would serve as a general deterrence for the community as a whole? Deterrence to society is a strong consideration. The societal issue here is the escalating epidemic of illegal drug distribution, particularly of a known drug to have such deadly effects. The sentence today should have an affect on this problem. We shall -- we have to send some kind of message that when someone commits this type of crime, this is what's going to happen.

> The third consideration is the victim. How the crime has affected the victim even though there is no specific victim, there is an unlimited potential for anyone coming into contact with these drugs to have a serious reaction, possible death.

> The fourth consideration is punishment. What sentence should be given to this, to specifically deter the defendant from future

5

criminal conduct? How long of a sentence should the defendant serve as just penalty for the crimes he has committed? He should have to serve a sentence that would be just for distributing potential deadly drugs to society.

The sentencing guidelines. Also, the Court has to take into consideration the sentencing guidelines which are set forth in Louisiana Code of Criminal Procedure Article, Article 894.1. A) When the defendant has been convicted of a felony or misdemeanor, the Court should impose a sentence of imprisonment if any of the following occurs: 1) There is an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime. This is a finding of the Court. Based upon the [ ] defendant's actions involving drug dealing, there could be a likelihood that the defendant would commit more drug crimes if a suspended sentence or probation. His previous convictions for drug distribution reflect that he will continue to sell drugs. 2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution. This is a finding of the Court. A custodial environment will help the defendant [ ] with the needed correctional treatment. The defendant's conduct shows that he needs correctional treatment in a custodial environment to help him from committing further crimes, along with providing the public some protection from him. Custodial correctional treatment may provide the rehabilitation needed to help the defendant in deterring him from committing future criminal activity. 3) A lesser sentence will deprecate the seriousness of the defendant's crime. This is a finding of the Court. A light sentence would only reward the defendant and provide further risk to the public given the possession of deadly drugs with firearms. Anyone in the community is in danger of either serious injury or even death by his self-professed drug dealing.

The aggravating factors. This Court has looked at the aggravating factors contained in Louisiana Code of Criminal Procedure Article 894.1B and finds the following to be applicable: 1) The offender's conduct during the commission of the offense manifested deliberate cruelty to the victim. Even though there is not a specific victim, there are possible victims. Anyone who received these drugs, likely to be drug addicts, buying the drugs found with the defendant and suffer [sic] a cruel experience or possible death. 2) The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability or ill health. Drug addicts or anyone who suffers from drug addiction would be at the whim of these drugs. 3) The offender offered or has been offered or has given or received anything of value for the commission of the offense. The defendant was arrested with a large amount of cash on both occasions coming from the sale of illegal drugs. 5) The offender knowingly created a risk of death or great bodily harm to more than one person. With the

supplying of the deadly drug, anyone, particularly any drug addict, would be at risk of harm or death. 10) The offender used a dangerous weapon in the commission of the offense. The defendant was arrested for drugs and guns, a Hi-Point and a Glock. The offender was a leader or his violation was in concert with one or more other persons with respect to whom the offender occupied a position of organizer, a [ ] supervisory position or any other position of management. According to his testimony at his co-defendant's trial, the defendant was the organizer and the leader of their drug sale operation. His own testimony was that he "took fault for my drugs, and I'm a dealer, man, and planned on selling them exactly". 15) The offense was a controlled dangerous substance offense and the offender obtained substantial income or resources for ongoing drug activities. The defendant was selling drugs and receiving money from those sales. 21) Any other relevant aggravating circumstances which include the public concern over the increasing distribution of illegal drugs that have the potential for causing death.

Also, the Court has looked at the mitigating factors contained in Louisiana Code of Criminal Procedure Article 894.1B and finds the following to be applicable: The mitigating factors: 31) The imprisonment of the defendant would entail excessive hardship to himself or his dependents. In 2021, the defendant's sister died leaving six children. He took on the responsibility for their care of his six -- of his sister's children, along with his own child. 33) Any other relevant mitigation, mitigating circumstance. His work history, he took responsibility for [ ] his involvement, he confessed to be the drug dealer, circumstances involving two deaths in his family.

In the instant case, Defendant pled guilty to the illegal carrying of weapons during the possession of a controlled dangerous substance, which requires imprisonment for not less than five years, but not more than ten years, at hard labor without the benefit of probation, parole, or suspension of sentence and a fine of not more than $10,000. La.R.S. 14:95(E). Defendant also pled guilty to the possession of fentanyl with the intent to distribute, which requires imprisonment for not less than five years, but no more than forty years, at hard labor and a fine of not more than $50,000. La.R.S. 40:967(B)(4)(a). Pursuant to La.R.S. 40:964, fentanyl is a schedule II drug. The trial court described fentanyl as a prescription synthetic opioid that is fifty times more potent than heroin, with only two milligrams needed

7

to make the substance lethal. The Centers of Disease Control and Prevention (CDC) labels fentanyl as the deadliest drug in the country, serving as the cause of most drug overdoses, with approximately three hundred deaths per day. Defendant received thirty-five years, almost the maximum, for this offense.

Defendant alleges this sentence is excessive under the circumstances, considering the trial court failed to order a presentencing investigation, misinterpreted the sentencing guidelines, and assumed Defendant was a major drug dealer.

At the time of the offense, Defendant was a thirty-eight-year-old offender with a criminal history. As the trial court noted, Defendant's prior offenses started in December of 2002 and included convictions for possession of marijuana, simple battery, and monetary instrument abuse. Defendant previously served two sentences with the Department of Corrections. Aside from his criminal history, Defendant unfortunately lost his mother and sister, which caused him to become responsible for his sister's six children, in addition to his daughter. Defendant contends he turned to crime as a means to provide for his family.

In considering similar cases, the trial court cited *State v. Simien*, 22-338 (La.App. 3 Cir. 11/30/22), 354 So.3d 144, *writ denied*, 22-1847 (La. 6/21/23), 362 So.3d 427, wherein this court affirmed the defendant's twenty-year sentence for possession with intent to distribute fentanyl, eight-year sentence for illegal carrying of weapons, as well as other sentences.

While there are a limited number of cases involving possession of fentanyl, wherein the trial court imposed a thirty-five-year sentence, we nonetheless conclude that Defendant's sentence in this case was not excessive, considering the amount of fentanyl he possessed and his prior criminal history.

8

According to the testimony given at co-defendant Terri Williams's trial, Defendant was in possession of over twenty-eight grams of fentanyl and crack when he was arrested. Defendant also testified to being a drug dealer and his intent to sell the drugs. Although he claims he is not a big drug dealer and that he has taken responsibility for his actions, Defendant's testimony at Terri Williams's trial and prior drug-related convictions exhibit otherwise. Moreover, Defendant could have been charged as a habitual offender due to his recent felony offense of monetary instrument abuse, which would have increased his sentencing range. Thus, Defendant received a significant benefit by not being charged as a habitual offender. As discussed in *State v. Wortham,* 47,431, p. 5 (La.App. 2 Cir. 11/14/12), 107 So.3d 132, 136:

> [w]hen a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Fatheree*, [46,686, p. 6 (La.App. 2 Cir. 11/2/11), 77 So.3d 1047, 1051]; *State v. Germany,* 42,239 (La.App. 2 Cir. 4/30/08), 981 So.2d 792.

Additionally, Defendant argues that the trial court failed to order a presentence investigation; however, "[a]s noted by the Louisiana Supreme Court, the presentence investigation report (or "PSI") is an aid to the court, not a right of the defendant[.]" *State v. Jones*, 11-87, p. 7 (La.App. 5 Cir. 12/13/11), 81 So.3d 835, 840 (citing *State v. Bell*, 377 So.2d 275 (La.1979)). Therefore, Defendant's argument lacks merit.

Based on the information provided, we find that Defendant's sentence is not constitutionally excessive. Defendant failed to show how the trial court abused its sentencing discretion or how his sentence amounted to nothing more than the purposeful imposition of pain and suffering. Furthermore, as the trial court

indicated, Defendant has repeatedly committed drug offenses. The trial court indicated that it reviewed the mitigating facts but focused on Defendant's ongoing lifestyle as a drug offender, and it sentenced Defendant in compliance with applicable sentencing range. Therefore, Defendant's sentence is affirmed.

## **DECREE**

For the reasons set forth above, Defendant's sentence is hereby affirmed. Additionally, we remand this matter to the trial court with instructions to amend the original sentencing minutes to accurately reflect that the trial court imposed a $5,000 fine on both counts.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**