STATE OF LOUISIANA

VERSUS

ROYLYNN POWELL

NO. 23-KA-371

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-5186, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

February 28, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Scott U. Schlegel

**CONVICTIONS AFFIRMED.**
**SENTENCE ON COUNT ONE AFFIRMED.**
**SENTENCE ON COUNT TWO VACATED;**
**REMANDED FOR RESENTENCING.**
    **SMC**
    **SJW**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Andrea F. Long
     Kristen Landrieu
     Carolyn Chkautovich

COUNSEL FOR DEFENDANT/APPELLANT,
ROYLYNN POWELL
     Gwendolyn K. Brown

**CHEHARDY, C.J.**

In this appeal the defendant, Roylynn Powell, appeals her sentences as excessive and asserts that the trial court erred in denying her motion for reconsideration of sentences. For the reasons that follow, we affirm defendant's convictions on count one and count two. Defendant's sentence on count one is also affirmed. We vacate the sentence on count two and remand to the trial court for re-sentencing.

**FACTS AND PROCEDURAL HISTORY**

On December 7, 2022, the Jefferson Parish District Attorney charged defendant with possession of a firearm after defendant previously had been convicted of domestic abuse battery[1] in violation of La. R.S. 14:95.10 (count one), and aggravated assault with a firearm in violation of La. R.S. 14:37.4 (count two). At her December 9, 2022 arraignment, defendant pled not guilty to both counts. On January 31, 2023, the matter was tried before a six-person jury.

At trial, Officer Brittany Pujol of the Gretna Police Department testified that on October 15, 2022, she responded to a call for service regarding a theft at the Family Dollar store located at 1900 Lafayette Street in Gretna. She further testified that when she arrived, she spoke to the victim, a Family Dollar employee who explained what happened and showed her a video of the incident.[2] The State played the video for the jury. Officer Pujol indicated that the video showed a firearm in the suspect's right hand.[3] As such, Officer Pujol stated that the charge was later upgraded to armed robbery.

---

[1] *See* Case Number 17-1955, 24th Judicial District Court, Division F. In the present case, the State and the defense stipulated at trial that defendant was convicted in 2017 of domestic abuse battery.

[2] The victim did not testify at trial.

[3] The video also shows the employee stopping defendant, with defendant then pulling a gun from her backpack, pointing the gun at the employee, and moving toward the employee.

23-KA-371                                  1

Officer Matthew Dunne of the Gretna Police Department testified that on October 15, 2022, he was working as a field training officer in the patrol division when he was dispatched to Family Dollar regarding a shoplifting call. He testified that he was notified shortly thereafter that the suspect was a black female (later identified as defendant, Roylynn Powell) wearing a blue shirt and a gray backpack, and that she had hit a Family Dollar employee with a firearm. He was further advised that the suspect fled on foot towards 21st Street. Officer Dunne explained that behind Family Dollar was a large alleyway that is typically used by trucks or delivery vehicles. He stated that as he was traveling west on 21st Street, he passed the alleyway and saw an individual who matched the suspect's description. Officer Dunne stated that he passed the suspect in his vehicle, so Officer Alex Doubleday, who was behind him, made the initial contact with her.

Officer Dunne stated that he turned around and drove back to the alleyway, exited his unit, and approached the scene, observing that Officer Doubleday already had his weapon drawn on the suspect. The State played Officer Dunne's body cam video for the jury. Officer Dunne recalled that the suspect complied with his and Officer Doubleday's demands, got down on the ground, and allowed herself to be apprehended. Officer Dunne testified that while he and Officer Doubleday were standing near defendant, Officer Doubleday discovered a firearm behind the air conditioning unit. Officer Dunne stated that he picked up the gun (a dark silver Smith and Wesson .38 special revolver) while wearing gloves but was advised by his supervisor to leave the weapon as it was.

Officer Dunne testified that before defendant was put in the back of his police unit, she was searched. One bullet, a .38 special round, was found in her right pants pocket. He recalled that when he later cleared the weapon, he found .38 special bullets inside. Officer Dunne stated that other live rounds were found in her backpack. After searching the alleyway for evidence, Officer Dunne found "TV

box dinners" that were still cold on the right side of a dumpster. Defendant was then arrested for armed robbery and was transported to the correctional center. Officer Dunne returned to Family Dollar to confirm that he had arrested the same person seen in the store's video of the incident.

Defendant testified that on October 15, 2022, she went to Family Dollar looking for candles but did not see any so she left the store, but the clerk in the front of the store jumped in her way and asked her to remove her backpack. Defendant stated that the clerk did not ask her anything but "sorta" put her hands on her and reached in her area like she was about to attack her. Defendant further maintained that the clerk was hollering at her, which scared her.

Defendant claimed that she subsequently left the store, after which a woman came running behind her. She recalled being arrested but was not sure why. Defendant testified that she did not hit, hurt, shoot, or try to harm anyone and that she was innocent, pointing out that no one needed medical attention. She contended that she felt threatened and that she did not threaten the woman. She was proud that she did not hurt anyone.

Defendant denied having bullets in her pants pocket and claimed that she had a pair of earrings on her person when the police booked her. When shown pictures from the store video, defendant denied that the person holding a firearm in the victim's face was her. Defendant claimed that the firearm in the pictures looked different from the firearm she had. She also stated that in another picture, it looked like it was her standing by the air conditioner, but she denied that the gun found by the air conditioner was the same gun that she had, which she said was a BB gun and not a real firearm.

Defendant further testified that she had a green bag and that the one in the picture was not her backpack. When she was shown items from the backpack, including a bank statement, her voter ID card, a Humana card, and other

documents with her name on them, defendant claimed that these items were from another bag. Defendant claimed that she did not realize what was in her hand at the time of the incident, and that she just wanted the woman to "get out of her face." She asserted that her attorney did not tell her, when she previously pled to domestic abuse battery, that she would not be able to carry, possess, or own a firearm.

The jury unanimously found defendant guilty as charged on both counts. Immediately after trial, defendant waived sentencing delays and the trial court sentenced defendant to eighteen years imprisonment without benefit of parole, probation, or suspension of sentence in the Department of Corrections on count one, and eight years on count two, with the sentences to run consecutively, and to run concurrently with the sentence for the misdemeanor charge in case number 22-5900.[4] The trial court stated, in pertinent part:

> You pointed a loaded gun at another person, a person working at Dollar Tree, trying to make money, trying to help their family, you point a loaded weapon at this woman over two TV dinners. Over two TV dinners. And I can tell you, in my mind, as a judge, probably the most serious crime, aside from murder, that you could perpetrate on someone is putting a loaded gun in their face. The only thing you didn't do is pull the trigger, and we all know how easy that could have been. So, to me, you committed probably something that, aside from murder, is probably the most serious crime you can commit. And then you fled. And then you get up on the witness stand and you told a bunch of lies. A bunch of lies.

Defense counsel noted his objection to the sentences for the record. On February 3, 2023, defendant filed a Motion for Reconsideration of Sentence pursuant to La. C.Cr.P. art. 881.1, arguing that the "sentence" was excessive, that a lower "sentence" would be fairer, and that state and federal constitutional standards should be imposed.

---

[4] The trial court simultaneously heard case number 22-5900 (misdemeanor theft under $1,000, which is not tried before a jury), after which the court found defendant guilty. Defendant's misdemeanor conviction is not before this Court on appeal.

23-KA-371                                                   4

On April 17, 2023, at the hearing on the motion for reconsideration, defense counsel argued that before trial, defendant had been offered a ten-year plea deal, but upon returning to court, that deal was taken off the table and defendant was forced to go to trial. The defense also argued that this was defendant's "first real serious brush with the law" and that a twenty-six year sentence [18 years for count one and eight years for count two] was excessive. After hearing arguments, the trial court denied the motion for reconsideration of sentence. On April 19, 2023, defendant filed a motion for appeal, which the trial court granted on April 21, 2023.

**DISCUSSION**

Defendant asserts two assignments of error with regard to sentencing: first, that the trial court erred by imposing excessive sentences; second, that the trial court erred in denying her motion to reconsider sentence. We address these assignments of error together.

Defendant contends that the trial court failed to adequately articulate the La. C.Cr.P. art. 894.1 factors that a court should consider when sentencing her. Defendant asserts that, other than articulating factors that it believed warranted a substantial sentence, the trial court made no mention of any mitigating factors. She further asserts that the trial court failed to consider or mention her employment background, her educational background, or her family history.

Defendant also argues that the trial court imposed the "grave" sentence of twenty-six years at hard labor without first ordering a presentence investigation report (PSI). She contends that in addition to imposing near maximum terms for each of the two sentences, the trial court ordered that the sentences be served consecutively, even though the convictions arose from a common course of conduct, and despite the fact that the State initially offered her a total sentence of

only ten years. Thus, defendant argues that the sentences imposed are excessive and that the trial court erred in denying her motion for reconsideration.

The State responds that the trial court did not abuse its broad sentencing discretion and contends that the sentences are not constitutionally excessive when considering the nature of the offenses, the risk that defendant poses to the safety of the community, and her criminal background. The State asserts that defendant's argument—that the trial court failed to comply with Article 894.1—is not preserved for review because she did not raise this argument in the trial court. The State also asserts that the defense did not request a PSI, that the defense failed to object to the lack of a PSI at the hearing, and that the Louisiana Supreme Court has recognized that there is no requirement that a PSI be ordered.

The State further points out that the trial court found probable cause for armed robbery, as defendant brandished a loaded gun and used the firearm to commit an act of violence by physically hitting the victim with the weapon. According to the State, the fact that the gun did not discharge and injure or kill the victim, other store employees, or a customer, and that no one attempted to intervene during the incident, can only be attributed to providence or luck. The State contends that the record reveals sufficient justification for both a significant term of imprisonment and consecutive sentences.

La. R.S. 14:95.10, the statute pertaining to possession of a firearm after having been convicted of domestic abuse battery (count one), provides: "Whoever is found guilty of violating the provisions of this Section shall be imprisoned with or without hard labor for not less than one year nor more than twenty years without the benefit of probation, parole, or suspension of sentence, and shall be fined not less than one thousand dollars nor more than five thousand dollars."[5] La. R.S.

---

[5] The State points out that the sentence on count one is illegally lenient because the trial court did not impose a fine, as required by La. R.S. 14:95.10(B).

14:95.10(B). La. R.S. 14:37.4, the statute pertaining to aggravated assault with a firearm (count two), provides: "Whoever commits an aggravated assault with a firearm shall be fined not more than ten thousand dollars or imprisoned for not more than ten years, with or without hard labor, or both." La. R.S. 14:37.4(C).

The trial court did not specify whether the sentence for count two was to be served with or without hard labor. However, the sentencing minute entry reflects that the sentence on count two was to be served at hard labor. When there is a discrepancy between the hearing transcript and the minute entry, the transcript prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

Where the applicable sentencing statute allows discretion, the sentencing court's failure to indicate whether the sentence is to be served with or without hard labor is an impermissible, indeterminate sentence. *State v. Brignac*, 17-455 (La. App. 5 Cir. 3/14/18), 241 So.3d 528, 535, *writ denied*, 18-564 (La. 2/11/19), 263 So.3d 894. Although, La. R.S. 14:37.4 gives the trial court discretion to impose the sentence either with or without hard labor, the trial court did not so specify, which constitutes a patent error. As such, we must vacate defendant's sentence on count two and remand to the trial court for imposition of a determinate sentence on count two in accordance with La. C.Cr.P. art. 879.[6] *See State v. Gilbert*, 23-121 (La. App. 5 Cir. 11/8/23), 2023 WL 7381472 (vacating the defendant's sentence for failure to indicate whether it was to be served with or without hard labor, and remanding for imposition of a determinate sentence).

Because the sentence on count two must be vacated, we pretermit any discussion of defendant's assignments of error as they relate to count two. Moreover, because we have vacated defendant's sentence on count two,

---

[6] La. C.Cr.P. art. 879 states: "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence."

defendant's contention that the trial court erred when ordering the sentences on counts one and two to run consecutively is premature, and thus is not considered.[7]

As to defendant's arguments that her sentence on count one is excessive and that the trial court erred by denying her Motion for Reconsideration of Sentence, La. C.Cr.P. art. 881.1(B) provides that a motion for reconsideration of sentence "shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based." La. C.Cr.P. art. 881.1(E) provides: "Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. *State v. McKinney*, 19-380 (La. App. 5 Cir. 12/26/19), 289 So.3d 153, 166.

In the present case, defense counsel orally objected to the sentences and filed a written motion to reconsider the "sentence," but counsel did not raise the specific issue of the trial court's lack of compliance with La. C.Cr.P. art. 894.1. When a specific basis for objecting to the sentences, including the alleged non-compliance with La. C.Cr.P. art. 894.1, is not raised in the trial court, the defendant is precluded from raising the issue on appeal, and we conduct only a bare review for constitutional excessiveness. *See State v. Esteen*, 18-392 (La. App. 5 Cir. 12/19/18), 262 So.3d 1064, 1069, *writ denied*, 19-214 (La. 4/22/19), 268 So.3d

---

[7] Even if we had not vacated the sentence for count two, defendant failed to argue in the trial court that the imposition of consecutive sentences for counts one and two was excessive. As such, defendant did not preserve that issue for review on appeal, and review would be limited to bare constitutional excessiveness. *See State v. Manuel*, 20-172 (La. App. 5 Cir. 6/2/21), 325 So.3d 513, 569, *writ denied*, 21-926 (La. 10/12/21), 325 So.3d 1071.

300. As such, defendant is precluded from raising the trial court's alleged non-compliance with Article 894.1 in this appeal.

Defendant also argues that the trial court erred in not ordering a PSI. La. C.Cr.P. art. 875(A)(1) provides, in relevant part: "If a defendant is convicted of a felony offense ... the court may order the Department of Public Safety and Corrections, division of probation and parole, to make a presentence investigation." The use of the word "may" indicates that ordering a presentence investigation is within the trial court's discretion. *State v. Jones*, 11-87 (La. App. 5 Cir. 12/13/11), 81 So.3d 835, 840. Additionally, a PSI is an aid to the court, not a right of the defendant, and the trial court is not required to order that a report be prepared. *Id.* (citing *State v. Bell*, 377 So.2d 275 (La. 1979)). Furthermore, defense counsel did not object to the lack of a PSI at the sentencing hearing. Accordingly, we find that the trial court did not abuse its discretion when it did not order a presentence investigation. *See State v. Woods*, 20-73 (La. App. 5 Cir. 9/9/20), 303 So.3d 403, 410, *writ denied*, 21-27 (La. 2/17/21), 310 So.3d 1150 (finding that ordering a PSI was discretionary, that the defense did not object to the lack of a PSI, and that the trial court did not abuse its discretion in not ordering one).

As seen above, defendant failed to raise specific bases upon which the sentence(s) were excessive. As such, we conduct a bare review for excessiveness of the sentence imposed for count one.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Article I, § 20 of the Louisiana Constitution also prohibits cruel and unusual punishment but further explicitly prohibits excessive punishment. *State v. Diaz*, 20-381 (La. App. 5 Cir. 11/17/21), 331 So.3d 500, 519, *writ denied*, 21-1967 (La. 4/5/22), 335 So.3d 836. "A sentence is considered excessive, even when it is within the applicable statutory range, 'if it makes no measurable contribution to acceptable goals of punishment and is nothing more

than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.'" *Id.* (citing *State v. Dixon*, 17-422 (La. App. 5 Cir. 3/14/18), 241 So.3d 514, 523, *writ denied*, 18-542 (La. 2/11/19), 263 So.3d 415). In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice. *State v. Ramirez*, 22-92 (La. App. 5 Cir. 11/2/22), 353 So.3d 902, 908.

A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and thus has broad discretion when imposing a sentence. *Diaz*, 331 So.3d at 519. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. *Id.* at 520. The review of sentences under La. Const. art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial court as to what punishment is most appropriate. *State v. Corea-Calero*, 22-117 (La. App. 5 Cir. 12/28/22), 355 So.3d 697, 701.

The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D); *Corea-Calero*, 355 So.3d at 701. In reviewing a trial court's sentencing discretion, the reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. A reviewing court is not required to give any particular weight to specific matters at sentencing. *Diaz*, 331 So.3d at 520.

When determining the sentence to be imposed, a trial court is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. *State v. Arceneaux*, 19-472 (La. App. 5 Cir. 1/29/20), 290 So.3d 313, 316, *writ denied*, 20-324 (La. 5/14/20), 296 So.3d 608. The sentencing court may rely on sources of information usually excluded from the courtroom at the

trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. *Id.* (citing *State v. Myles*, 94-217 (La. 6/3/94), 638 So.2d 218, 219). The trial court may consider these matters even in the absence of proof that the defendant committed the other offenses. *Arceneaux*, 290 So.3d at 316.

Here, count one, possession of a firearm after having been convicted of domestic abuse battery, has a sentencing range of one to twenty years. The trial court sentenced defendant to 18 years—less than the maximum sentence. During the offense, defendant pulled a loaded firearm out of her backpack, pointed it at a Family Dollar employee, and hit the employee with the firearm before fleeing. Defendant's actions posed a danger of serious harm to the victim and to another employee standing nearby. The video also reveals that other customers were in the store at the time of the incident.

As the trial court noted during sentencing, the evidence would have been sufficient to support a conviction of armed robbery, a more serious offense with a harsher sentencing range.[8] The Louisiana Supreme Court has recognized that the scene of an armed robbery is a highly-charged atmosphere that is conducive to violence and fraught with danger of serious physical harm, not only to the victim, but to any person at the scene. *See State v. Isaac*, 17-87 (La. App. 5 Cir. 10/25/17), 229 So.3d 1030, 1042 n.12, *writ denied*, 17-2106 (La. 6/15/18), 257 So.3d 679 (citing *State v. Levi*, 259 La. 591, 250 So.2d 751 (La. 1971)).

Defendant also has a criminal history. At her November 21, 2022 preliminary hearing, the trial court found probable cause to hold defendant on the original charges of armed robbery and possession of a firearm during the commission of a crime of violence. At that hearing, the prosecutor detailed defendant's criminal background, which included: at the time of her arrest in the

---

[8] La. R.S. 14:64(B) provides: "Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence."

instant case, she had an attachment for her arrest for having missed court; on January 17, 2020, she was arrested for an attachment as well as for theft and a fugitive warrant; on April 26, 2019, she was arrested for two attachments, two fugitive warrants, and resisting arrest for failure to identify herself; on November 30, 2017, she was arrested for two attachments; on November 12, 2016, she was arrested for battery on a police officer; on November 12, 2016, she was arrested for cruelty to a juvenile; on May 5, 2012, she was arrested for theft of goods; and on June 30, 2008, she was arrested for domestic abuse battery. Further, the State and the defense stipulated that defendant was convicted of domestic abuse battery in 2017. Finally, the trial court found defendant guilty of misdemeanor theft under $1,000 at the same time that the jury convicted defendant on counts one and two in the present case.

Given these facts, we find that defendant's 18-year sentence on count one is not excessive, is not grossly disproportionate to the offense, and does not impose needless and purposeless pain and suffering. Finding no abuse of the trial court's discretion when imposing the sentence for count one, nor for denying defendant's Motion for Reconsideration of Sentence, defendant's assignments of error vis-à-vis count one lack merit. As discussed below, however, the sentence on count one is illegally lenient because the trial court did not impose the mandatory fine specified in La. R.S. 14:95.10.

**ERRORS PATENT**

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). In addition to the sentencing error patent on count two discussed above, we note these additional errors patent:

*Mandatory Fine*

The State points out in its brief that the sentence on count one is illegally lenient because the trial court did not impose a mandatory fine of not less than one thousand dollars nor more than five thousand dollars, as required by La. R.S. 14:95.10(B).

In *State v. Manuel*, 20-172 (La. App. 5 Cir. 6/2/21), 325 So.3d 513, 569, *writ denied*, 21-926 (La. 10/12/21), 325 So.3d 1071, the Louisiana Appellate Project, which represents indigent defendants in non-capital felony cases, represented defendant. The trial court did not impose the requisite fine, which this Court noted in its errors patent review. Nevertheless, this Court exercised its discretion to decline to correct an illegally lenient sentence by imposing the mandatory fine where the defendant was indigent. *Manuel*, 325 So.3d at 570-71.

As in *Manuel*, the Louisiana Appellate Project represents the defendant in the present case. Due to her indigent status, we decline to remand this matter for the correction of an illegally lenient sentence on count one.

*Post-Conviction Relief Advisal*

The transcript does not reflect that the trial court advised defendant of the provisions of La. C.Cr.P. art. 930.8. If a trial court fails to advise, or provides an incomplete advisal pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief in its opinion. *State v. Becnel*, 18-549 (La. App. 5 Cir. 2/6/19), 265 So.3d 1017, 1022. Accordingly, defendant is hereby informed that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

**DECREE**

Defendant's convictions on count one and count two are affirmed. Defendant's sentence on count one is also affirmed, as we find no merit in defendant's assignments of error with regard to count one. We vacate the sentence on count two and remand to the trial court for re-sentencing. Defendant is further advised that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

**CONVICTIONS AFFIRMED.**
**SENTENCE ON COUNT ONE AFFIRMED.**
**SENTENCE ON COUNT TWO VACATED;**
**REMANDED FOR RESENTENCING.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 28, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-371

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          GWENDOLYN K. BROWN (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
KRISTEN LANDRIEU (APPELLEE)
CAROLYN CHKAUTOVICH (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053